RUFFIN *v.* STATE

No. 39957 March 12, 1956 85 So. 2d 821

*Lampkin Butts,* Laurel, for appellant.

*John H. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Arrington, J.

The appellant, Tom Ruffin, was indicted, tried and convicted of the murder of Maudie Lee Crosby, and sentenced to life imprisonment in the State penitentiary, from which judgment he appeals.

The record in this case shows that the appellant and the deceased, his paramour, were living together as husband and wife; that on February 5, 1955, the appellant told the deceased to stay at home; the deceased, however, left the home and the appellant discovered her absence; that while he was looking for her, she returned home; that the appellant later came in and found the deceased in bed. Then, according to several eye witnesses for the State, the appellant beat the deceased to death with his fists at a time when the deceased was helpless and in no condition to defend herself. According to the doctor who performed an autopsy, the cause of death was a blood clot caused by blows to the head; that the blood clot covered the entire brain and was the cause of death; that there were forty or fifty bruises on the face, head and body of the deceased.

The appellant assigns as error, first, the granting of a murder instruction for the state; second, that the court erred in refusing the appellant's requested instruction that the appellant could be convicted of no greater crime than manslaughter; and, third, that the verdict is contrary to the overwhelming weight of the evidence.

The appellant exercised his constitutional right and did not testify in his own behalf, and there was no substantial conflict in the testimony of the eye witnesses on behalf of the State. This was a straight issue

of fact. The appellant obtained two manslaughter instructions, thus, the determination of the crime was for the jury. We are of the opinion that there was no element of manslaughter in this case, and it follows that the court committed no error in granting the State the murder instruction and in refusing the requested instruction of appellant to limit the crime to manslaughter. We find no reversible error in this record and no merit in the contention that the verdict of the jury is contrary to the overwhelming weight of the evidence.

Affirmed.

*McGehee, C.J.,* and *Lee, Holmes,* and *Ethridge, JJ.,* concur.